Green, J.
delivered the opinion of the court.
The defendants insist that a Court of Chancery has no jurisdiction in this case, because the complainant had an adequate remedy at Law.
It is true, that as both the joint owners of these slaves had made a deed of trust to the plaintiff, to secure debts severally due from them, he was invested with the entire legal title to them, and might maintain an action at law. But it has been often held by this Court, that when the title of a claimant, to slaves, is clear and unquestionable, a Court of Chancery will interpose by injunction, and restrain the sale of them by virtue of an execution against a stranger. And such is this case. No question exists as to the validity of the title vested in the complainant by the two deeds of trust;- and yet the defendants seek to have them sold by virtue of their executions against the parties who executed those deeds.
But the complainant’s bill was proper on another ground. The fund in litigation was a trust fund. Ryan Caperton and Adam S. Caperton were the owners of the slaves, — each entitled to an undivided share. Ryan Caperton conveyed his interest to the complainant, claiming one fourth part, to secure a debt he owed Maria Caperton. A. S. Caperton conveyed the same slaves to the complainant, claiming the entire interest— to secure a debt he owed Fitzpatrick. In this state of the case, if the Huddlestons had not interfered with the property at all, it would have been proper for the complainant to have invoked the aid of a Court of Chancery to settle the rights of the parties, and to direct him in the discharge of his trust; and certainly, the interference of the Huddlestons, who insist that Adam S. Caperton was the entire owner of the slaves, does not lessen the necessity of the assistance of Chancery. There can be no doubt therefore, as to the jurisdiction of the court. But the court erred, in decreeing that the defendants pay the *454 entire debt of Maria Caperton, without ascertaining whether the one fourth part of the value of the slaves amounted to that sum. Whether he had title to a greater share than a fourth part or not is immaterial; he only assumes in his deed, to be the owner of a fourth part, and that is all he conveys.
The slaves may not have sold for a sufficient sum to make the fourth part of their price amount to the $485 dollars, decreed to Maria Caperton.' There is no evidence as to the price for which they sold. Newnan, the sheriff, says they sold for a high price, but he does not say what that price was. Adam S. Caperton in his answer says they sold for $1850 dollars. If that was the sum, the decree is for too much — $485 dollars being more than the fourth part of $1850.
The Recree must be reversed as to this part of it, and an inquiry will be made as to the price of the slaves.